# EXHIBIT "A"

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("AGREEMENT") is entered into by and between Joann Titone ("Titone"), Orion Construction Group, LLC (the "Company") and Ralph James Eagen ("Eagen") (the Company and Eagen are collectively referred to as "Defendants"; the Company, Eagen and Titone are collectively referred to as "the Parties").

## RECITALS

This AGREEMENT is made considering the following facts:

A. **WHEREAS**, Titone is a Plaintiff in a lawsuit filed against Defendants that is currently pending in the United States District Court for the Northern District of Georgia, Gainesville Division. The lawsuit is styled as *Joann Titone v. Orion Construction Group, LLC, a Georgia Limited Liability Company, and Ralph James Eagen, Individually*, Case No. 2:15-CV-00157-WCO and alleges that the Company violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201, *et seq.*, and seeks damages for unpaid wages and overtime compensation and other relief (the "Lawsuit"); and,

B. **WHEREAS**, Defendants deny the validity of the claims and allegations asserted in the Lawsuit and denies they are subject to any liability to Titone;

C. **WHEREAS**, Defendants brought several counterclaims against Titone, including Violation of the Federal Computer Fraud and Abuse Act, Conversion, Misappropriation of Trade Secrets, Breach of Duty of Loyalty, Computer Theft in Violation of the Georgia Computer Systems Protection Act, and Fraud ("Counterclaims");

D. **WHEREAS**, Titone denies the validity of the claims and allegations asserted in connection with Defendants' counterclaims, and denies she is subject to any liability to Defendants;

E. **WHEREAS**, upon receipt of the payments described in this Agreement all wages concededly due to Titone have been unconditionally paid; and

F. **WHEREAS**, the Parties wish to resolve and settle their differences without further litigation;

G. **WHEREAS**, the Parties and their counsel have also concluded that the terms of this AGREEMENT are fair, reasonable, adequate and in the Parties' mutual best interests; and

H. **WHEREAS**, the Company is willing to provide Titone with certain considerations described below, which it is not ordinarily required to, provided Titone releases Defendants from any claims Titone has made or might make arising out of her employment with the Company and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2. **Definitions:** Throughout this AGREEMENT, the term the "Company" shall include Orion Construction Group, as well as its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations and the officers, directors, trustees, insurers, owners, shareholders, partners, attorneys, agents, and employees past and present, of each of the aforesaid entities.

3. **Settlement Sum:** As consideration for Titone signing this AGREEMENT and compliance with the promises made herein, the Company agrees to pay a total of EIGHT THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($8,500.00) as follows:

    a. The Company shall issue payment in the gross amount of Three Thousand Five Hundred no/100 dollars ($3,500.00) to Titone as follows: (1) one check in the amount of $1,750.00, less applicable taxes and deductions, payable to Titone as back wages, including alleged unpaid back overtime, for which the Company will issue Titone an IRS Form W-2; and (2) a second check in the amount of $1,750.00, with no taxes or deductions taken, representing alleged liquidated damages, for which a Form 1099 shall be issued to Titone.

    b. The Company shall issue payment in the amount of Five Thousand and no/100 dollars ($5,000.00) payable to Morgan & Morgan, LLP, tax identification number 59-2920684, for the work the law firm and its attorneys performed on behalf of Titone related to the Lawsuit and the released claims. The Company will issue Morgan & Morgan an IRS Form 1099.

    d. The Company shall provide the consideration identified in this Paragraph 3 within ten (10) business days after the Company's counsel has received each of the following: a copy of this AGREEMENT appropriately signed and dated by Titone and expiration of the seven-day revocation period in paragraph 20 below without a revocation by Titone; an IRS Form W-9 fully executed by counsel for Titone; and an Order from the Court approving the settlement of the Fair Labor Standards Act ("FLSA") claims between the Parties. Titone agrees to join in the filing in the Lawsuit of a Stipulation of Dismissal With Prejudice dismissing, with prejudice, all claims brought by either party in the Lawsuit after the Court approves the Parties' settlement, in the event an order from the Court approves the Parties' settlement but does not otherwise explicitly dismiss all of the Parties claims in the Lawsuit with prejudice.

2

4. **Consideration:** Titone understands and agrees that she would not receive the monies and/or benefits specified in Paragraph 3 above but for her execution of this AGREEMENT and the fulfillment of the promises contained herein.

5. **Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Titone agrees to the dismissal with prejudice of the Lawsuit filed against Defendants and any other claims or assertions of liability that may exist. Defendants similarly agree to the dismissal with prejudice of their Counterclaims filed against Titone and any other claims or assertions of liability that may currently exist in the instant matter. In addition, Titone for herself and for each of her heirs, executors, administrators and assigns, hereby fully releases, acquits, and forever discharges Defendants of and from any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that Titone may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Lawsuit or her employment with the Defendants, including, but not limited to, claims for wages under the FLSA or any other statute, ordinance, regulation, contract or theory, including but not limited to claims for back pay; front pay; reinstatement; damages; liquidated damages, compensatory damages, punitive damages, benefits, attorneys' fees or costs. Titone also releases any and all claims she may have that arose prior to the date of this AGREEMENT, and hereby specifically waives and releases all claims, including, but not limited to, those arising under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq*; the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990; the Americans With Disabilities Act Amendments Act; the Rehabilitation Act of 1973, as amended; the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*, Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq* ("ADEA"); the Georgia Equal Employment for People with Disabilities Code, Ga. Code Ann. §§ 34-6A-1 to 34-6A-6; Ga. Code Ann. § 34-5-1, et seq.; Ga. Code Ann. § 34-1-2, et seq., Ga. Code Ann. § 33-54-3(a); Georgia Minimum Wage Law, Ga. Code Ann. § 34-4-1 et seq.; and any and all other federal, state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, wage payments, or any other claim, including claims for intentional infliction of emotional distress. Titone forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the FLSA, and Titone further covenants and agrees not to accept, recover or receive any back pay, front pay, liquidated damages, compensatory damages, punitive damages, other damages or any form of relief based upon any claims asserted or settled in the Lawsuit or otherwise that may arise out of, or in connection with, any other individual, collective, class or administrative remedies pursued by any federal, state or local governmental agency against Defendants.

This AGREEMENT does not waive Titone's right to file a charge with an administrative agency or her right to participate in any agency investigation. Titone is waiving, however, any right to recover money in connection with any agency charge or

3

investigation. Titone is also waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency.

This AGREEMENT shall not apply to rights or claims that may arise after Titone signs this AGREEMENT; nor shall any provision of this AGREEMENT be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under these circumstances be waived, released, or extinguished.

6. **Tax Liability:** Titone understands that the Company shall issue an IRS Form 1099 for the payments specified in Paragraph 3(b) of this AGREEMENT. In paying the amount specified in Paragraph 3(b), the Company makes no representation regarding the tax consequences or liability arising from said payments.

7. **Affirmations:** Titone represents and affirms that, other than the Lawsuit referenced herein, she has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Defendants with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Titone further represents and affirms as a material term of this AGREEMENT that she has been paid and/or received all compensation and/or benefits to which she may be entitled from Defendants or due to services she performed for Defendants and that no compensation and/or benefits from Defendants or due to services she performed for Defendants are due her, except as provided for in this AGREEMENT.

   Defendants represent and affirm that, other than its Counterclaims in the Lawsuit referenced herein, they have no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Titone with any local, state, or federal court or any governmental, administrative, investigative, or other agency or board.

8. **No Further Employment:** Titone acknowledges that her employment with the Company has ended, and Titone permanently, unequivocally, and unconditionally waives any and all rights Titone may now have, may have had in the past, or may have in the future to obtain or resume employment with Defendants or to do business for or with the Defendants through a third party. Titone agrees never to apply for employment with Defendants. In the event that Titone is ever mistakenly employed by Defendants, she agrees to have her employment terminated with no resulting claim or cause of action against Defendants or any of Defendants' successors, affiliates, parents and/or subsidiaries.

9. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

10. **Confidentiality:** In consideration of the obligations under this AGREEMENT, Titone agrees that this AGREEMENT and the terms and conditions hereof are strictly, and shall forever remain, confidential, and that neither Titone nor her heirs, agents, executors,

administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former employees or associates of Defendants, under any circumstances. Titone may disclose the terms of this AGREEMENT to her attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law, or as required to do so in response to an investigation by any federal or state agency.

(A) If Titone is required to disclose this AGREEMENT or its terms pursuant to court order and/or subpoena, Titone shall notify Defendants, in writing via facsimile or overnight mail, within 48 hours of her receipt of such court order or subpoena, and simultaneously provide Defendants with a copy of such court order or subpoena. The notice shall comply with the notice requirements set forth below. Titone agrees to waive any objection to Defendants' request that the document production or testimony be done *in camera* and under seal.

(B) Titone acknowledges that a violation of Paragraph 10 or any of its subparts would cause immeasurable and irreparable damage to Defendants in an amount incapable of precise determination. Accordingly, for any proven violation by Titone of the agreements and covenants in this Paragraph, as determined by a court of competent jurisdiction, Titone shall return to Defendants the sum of One Thousand and no/100 Dollars ($1,000.00) within ten (10) days of the court's ruling, and the AGREEMENT, including the general release, shall remain in full force and effect. The prevailing party shall be entitled to its attorneys' fees and costs.

(C) The Parties agree that the terms of Paragraph 10 and all of its subparts are a material inducement for the execution of this AGREEMENT. Any disclosure or dissemination, other than as described above in this Paragraph, will be regarded as a breach of this AGREEMENT and a cause of action shall immediately accrue for damages.

11. **Neutral Reference**. The Parties agree that any request for a reference sought from the Company shall be directed to Eagen and that in response Eagen shall provide only the dates of employment and positions held by Titone.

12. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the State of Georgia.

13. **No Admission of Liability:** The Parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at anytime for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind. Defendants are entering into this AGREEMENT solely to avoid the expense and inconvenience of litigation, and specifically disclaims any liability to, any breach of any duty or obligation to, or any unlawful action against Titone or any other person. Similarly, the Parties agree that neither this AGREEMENT nor the furnishing of

5

the consideration for this AGREEMENT shall be deemed or construed at anytime for any purpose as an admission by Titone of any liability or unlawful conduct of any kind. Titone is entering into this AGREEMENT solely to avoid the expense and inconvenience of litigation, and specifically disclaims any liability to, any breach of any duty or obligation to, or any unlawful action against Defendants or any other person.

14. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

15. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by the Parties. Titone agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The Parties acknowledge that only Eagen has the authority to modify this AGREEMENT on behalf of the Company.

16. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT.

To the extent that any general release or dismissal in this AGREEMENT is deemed to be illegal, invalid, or unenforceable, Titone agrees to execute a valid full and final release of equal scope in favor of Defendants in exchange for the payments set forth in Paragraph 3 of this AGREEMENT in the event such payments have not already been made.

17. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

18. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the parties hereto with respect to the Lawsuit, and fully supersedes any prior obligation of Defendants to Titone or Titone to Defendants. Titone acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

19. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

20. **Time to Consider and Revocation Period:** Titone acknowledges that she is knowingly and voluntarily releasing any claims she may have under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and all other claims described in the general

Release of Claims in paragraph 5 above. Titone acknowledges that she has been advised and is hereby advised to review this AGREEMENT with an attorney of her choosing, that she has reviewed this AGREEMENT with an attorney of her choosing, and that she has obtained all advice and counsel she needs to understand all terms and conditions of this AGREEMENT. Titone further acknowledges that she has been offered a period of at least twenty-one (21) days to consider the terms of this AGREEMENT. Titone acknowledges and understands that she has the right to revoke this AGREEMENT at any time within seven (7) days after the date she executes the AGREEMENT by delivering written notice of her intention to revoke to Defendants' attorney, Nathan J. Allen of Kutak Rock, LLP, 303 Peachtree Road, NE, Suite 2750, Atlanta, Georgia 30308. If Titone revokes this AGREEMENT with that seven (7)-day period, the AGREEMENT will not become effective or enforceable, and Titone will not be entitled to receive, and Defendants will not be obligated to make, any payments described herein, Titone and her attorney will be required to return any payments received pursuant to this AGREEMENT. However, upon the expiration of the seven (7) days after the date the agreement is executed by Titone without revocation, the AGREEMENT shall be fully effective, enforceable, and irrevocable.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this AGREEMENT as of the date set forth below:

Dated: 4/11/2016        Orion Construction Group
                        By: _____
                        Rebecca Eagen

Dated: 4/11/2016        By: _____
                        Ralph James Eagen (Individually)

Dated: 3/1/2016         By: _____
                        Joann Titone